## No. 126
## McCARTNEY v. ROBERTS

Ohio Appeals, 7th Dist., Mahoning County
Decided Oct. 9, 1923

**297. CONTRACTS—Admission of evidence of verbal negotiations which contradict a subsequent written contract held erroneous.**

ROBERTS, J.

### Epitomized Opinion
First Publication of this Opinion

Roberts sued McCartney in Mahoning Common Pleas, alleging that he purchased machinery and equipment of McCartney for $2,800, paying $800 in cash, and giving a note for $2,000; that he returned $1,500 worth of this machinery, for which credit was to be given by McCartney; that McCartney endorsed the note to the bank and when it became due Roberts was forced to pay it. McCartney filed an answer and cross-petition denying that any machinery was taken back by him, and credit given, and claiming that a balance was due him. At the trial Roberts was asked what McCartney said about the machinery before he bought it, and was allowed to answer over McCartney's objection. This is assigned as error on the ground that the machinery was sold under the terms of a written contract. Roberts testified that after using the machinery for some time, he found it was not satisfactory and returned it to McCartney, who promised the credit. McCartney testified that he refused to take the machinery back and give Roberts credit therefor, but that he allowed Roberts to leave it in his yard with the understanding that he would try to sell it. The evidence disclosed that Roberts gave renewal notes after the machinery had been turned over to McCartney. The jury found for Roberts. In reversing the judgment, the Court of Appeals held:

1. "We think it was error prejudicial to the defendant to permit the asking of the question as to verbal negotiations and to permit the answer thereto. The answer was contradictory in terms, as evidence of the written contract which the parties had previously had entered into, and under well settled rules it was not competent to contradict the contract in this manner."

2. "The conclusion is reached that the verdict of the jury upon the proposition as to whether the property was bought by McCartney, and a right of action accrued to Roberts, is sufficient against the weight of evidence in this case to require a reversal."

Attorneys—P. Robinson, for McCartney; J. M. Modarelli, for Roberts.

---

## No. 127
## PRICE v. INSANDE

Ohio Appeals, 9th Dist., Summit County
No. 785. Decided Nov. 26, 1923

**543. FORCIBLE ENTRY AND DETAINER. Judgment for forcible entry and detainer held not a bar to subsequent action for breach of contract of lease.**

PARDEE, J.

### Epitomized Opinion
First Publication of this Opinion

This was an action for breach of contract. Price claimed that he entered into a verbal contract with Insande whereby the defendant agreed to give the plaintiff a written lease upon the defendant's farm, that they were to be equal owners of all the stock except the horses, which were to be furnished by plaintiff, that they were to share equally in the expense of keeping the stock, and were to share equally in the profits, that the plaintiff was to furnish the work and labor and the defendant was to advance the funds for the purchase of the stock and maintenance of the farm. The plaintiff claimed that under this agreement he entered possession in February, 1921, but that the defendant abandoned the contract in April of that year, and asked damages for this breach. The defendant in her answer claimed that each party was to pay one-half of the expenses, which the defendant failed to do, and also set up a plea in bar that a judgment of forcible entry and detainer before a J. P. was rendered in her favor and that this judgment was res adjudicata. In reply plaintiff admitted that a writ of restitution was issued, but denied that judgment was entered in proper form. In reversing the judgment of the lower court, the Court of Appeals held:

1. Under GC. 10450, a judgment of forcible entry and detainer is not a bar to a later action, brought by either party in any court and if the Legislature intended to limit the effect of such section, would have so stated.

Attorneys—Myers & Dinsmore, for Price; Wilcox, Berk, Coble & Berk, for Insande.